Chancery.

# Miller, &c. vs Stagner.

### Error to the Madison Circuit.

Case 18.                    *Rents.   Fee simple estates.*

September 20.    Judge Ewing delivered the opinion of the Court.

The execution of a deed, conveying the reversion in fee of an estate subject to a lease for years, yielding rent, is a transfer of the right to the accruing rent.

The transfer of Clay's bond for a title to Miller, by Stagner, and the execution of a deed by Clay, passed to Miller the fee in reversion, and legally entitled him to the rent that afterwards fell due, unless Stagner had made a special reservation of the rent. No such reservation seems to have been made of the rent in question. It is true that the actual possession was not to be had by Miller until Thurman's lease had expired, nor could it be had sooner. But it cannot be necessarily implied from thence, that Miller was not to have the rent, which his fee simple purchase of the reversion carried. So far from an express reservation, the proof shows that nothing was said about the rent. Moreover, it appears that before the rent was paid to Miller, there was a controversy about the rent, and about the manner in which the instalments were made payable by the notes executed by Miller to Stagner for the consideration, and Stagner agreed to abandon all claim upon Miller for the rent, upon his changing the notes so as to make the last instalment payable one year sooner, which Miller did, stating at the time, that he would not pay the money down, and be kept out of the rents also. That Miller believed that he was entitled to the rent, is apparent from his statements to Stagner, in the presence of the Thurmans, which was not controverted by Stagner.

Decree reversed and cause remanded, that the bill may be dismissed with costs.

*Caperton* for plaintiffs : *Turner* for defendant.